```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF LOUISIANA
                   LAKE CHARLES DIVISION


UNITED STATES OF AMERICA      *  Docket No. 6:16-CR-00037
                              *
                              *
VERSUS                        *  February 25, 2016
                              *
                              *
JESSE HAYES                   *  Lake Charles, Louisiana

*****************************************************************

     REPORTER'S OFFICIAL TRANSCRIPT OF THE PLEA HEARING
         BEFORE THE HONORABLE PATRICIA MINALDI,
              UNITED STATES DISTRICT JUDGE

*****************************************************************

                   A P P E A R A N C E S


FOR THE GOVERNMENT:  ALEXANDER C. VAN HOOK
                     U.S. Attorney's Office
                     300 Fannin Street, Suite 3201
                     Shreveport, LA 71101
                     Email:  alexander.van.hook@usdoj.gov
                     Phone:  (318) 676-3600
                     Fax:    (318) 676-3660


                     TONA BOYD
                     U.S. Dept. of Justice, Civil Rights Div.
                     950 Pennsylvania Avenue N.W.
                     Washington, DC 20530
                     Email:  tona.boyd@usdoj.gov
                     Phone:  (202) 514-3204
                     Fax:    (202) 514-8336

FOR THE DEFENDANT:   LESTER J. GAUTHIER, JR.
                     Attorney at Law
                     P.O. Box 3371
                     Lafayette, Louisiana  70502
                     Email:  legauth@bellsouth.net
                     Phone:  (337) 264-1783
                     Fax:    (337) 264-1869
```

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**

```
REPORTED BY:        DEIDRE D. JURANKA, RPR
                    611 Broad Street, Suite 267
                    Lake Charles, Louisiana 70601
                    Email:  dd_juranka@lawd.uscourts.gov
                    Phone:  (337) 214-6669
                    Fax:    (337) 437-3390
```

```
 1                    COURT PROCEEDINGS
 2                (Call to order of the court.)
 3          THE COURT:  Afternoon.  You may be seated.  Mr. Van
 4    Hook.
 5          MR. VAN HOOK:  Good afternoon, Your Honor.  Your
 6    Honor, the next case this afternoon is United States
 7    versus Jesse Hayes which is a Lafayette division case
 8    that's been assigned Criminal No. 6:16-0037.  I'm Alex
 9    Van Hook on behalf of the United States.  Before court
10    started this afternoon, I offered to the clerk an
11    original Rule 11 package which contains a Waiver of
12    Indictment, Bill of Information, Elements of the
13    Offense, Affidavit of Understanding of Maximum Penalty
14    and Constitutional Rights, the Plea Agreement, and a
15    Factual Basis in Support of the Plea.
16          THE COURT:  Okay.  Accepted.  All right.
17    Mr. Gautier.
18          MR. GAUTHIER:  I am Lester Gautier.  I do represent
19    this defendant, Jesse Hayes, Your Honor.
20          THE COURT:  Have you gone over the plea packet with
21    him, Mr. Gautier?
22          MR. GAUTHIER:  Yes, ma'am, we have.
23          THE COURT:  Do you feel like he understands it?
24          MR. GAUTHIER:  I do, Your Honor; but I want to
25    address the Court --
```

1  THE COURT:  Okay.
2  MR. GAUTHIER:  -- to ask the Court to take
3  extraordinary -- to undergo extraordinary questioning as
4  to the effectiveness of defense counsel for this reason.
5  This guilty plea, for the first time in my career, was
6  scheduled before I ever met my client.  I met my client
7  yesterday afternoon for the first time.  We've worked
8  diligently, and I feel that he does understand the
9  contents of the Plea Agreement.  And we've discussed
10 multiple things and the benefits, et cetera and so on.
11 So I represent to the Court that I've done the very best
12 I could under short time.  However, I want to bring that
13 to the Court's attention and ask the Court to please
14 address defendant as to -- more thoroughly, I guess,
15 than normal as to the effectiveness of defense counsel.
16 I feel I have been effective under the time constraints.
17 However, I would have liked to have been involved in the
18 process a little sooner myself.
19 THE COURT:  Why don't we just continue this so you
20 feel more comfortable.
21 MR. GAUTHIER:  No, Judge.  I don't think that's
22 necessary.  I think Mr. Hayes -- I've talked with him
23 extensively and he feels confident that he knows and
24 understands what's going on.  I will state to the Court
25 that he had debriefed and intended to enter a guilty

1  plea before my involvement.  So his intent has been
2  there all along.
3      I'm not suggesting that we're not ready.  That's
4  not what I'm suggesting.  I'm just -- as a factual
5  matter, I just want to place that on the record not as a
6  hook to say I'm ineffective or to have somebody vitiate
7  the plea.  I want it to be a valid plea, but I want that
8  to be known because I think the Court needs to know that
9  in making its inquiry.  That's all.
10         THE COURT:  Okay.  Thank you.
11         MR. GAUTHIER:  Thank you.
12         THE COURT:  Have you talked with him about the
13  impact the sentencing guidelines may have on his
14  sentence?
15         MR. GAUTHIER:  I have, Judge.
16         THE COURT:  And you feel like he understands that?
17         MR. GAUTHIER:  I do, Judge.
18         THE COURT:  Thank you.  Mr. Hayes, please raise
19  your right hand.
20              (Oath is administered.)
21         THE COURT:  Mr. Hayes, I'm told you want to plead
22  guilty this afternoon to deprivation of rights under
23  color of law.  Before I can accept your guilty plea, I
24  need to have a discussion with you about the
25  consequences of a guilty plea and the rights that you

```
 1          give up when you enter a guilty plea.  During that
 2          discussion I'll be asking you some questions, and it's
 3          important that the answers to those questions be
 4          truthful.  For one reason, you're now under oath and, if
 5          you gave untruthful answers, the Government would have
 6          the option of charging you with perjury.  Do you
 7          understand that?
 8                  THE DEFENDANT:  Yes, Your Honor.
 9                  THE COURT:  Give me your full name for the record,
10          please.
11                  THE DEFENDANT:  Jesse James Hayes.
12                  THE COURT:  And how old are you?
13                  THE DEFENDANT:  36 years old.
14                  THE COURT:  How far did you go in school?
15                  THE DEFENDANT:  I have two years of college.
16                  THE COURT:  I can assume from that that you can
17          read and write the English language?
18                  THE DEFENDANT:  Yes, Your Honor.
19                  THE COURT:  Are you currently under the influence
20          of drugs or alcohol?
21                  THE DEFENDANT:  No, Your Honor.
22                  THE COURT:  You have been charged in this case by
23          Bill of Information which is a document that is filed by
24          the U.S. Attorney or an assistant U.S. attorney alone.
25          You have the right to have a grand jury hear this case
```

1   and that would be a certain number of citizens who would
2   listen to the evidence that the Government presents and
3   sometimes listens to evidence if the defendant wants to
4   present any and then they determine whether there's
5   enough evidence to hold you over for trial.  But in this
6   case, I'm told and you have executed a Waiver of
7   Indictment which means -- that would be the charging
8   instrument that the grand jury would issue, but I'm told
9   that you want to waive your right to that grand jury and
10  the right to that Indictment and plead to the Bill of
11  Information.  Is that correct?
12          THE DEFENDANT:  Yes, Your Honor.
13          THE COURT:  Let's turn to the Elements of the
14  Offense.  This document tells you the things that the
15  Government would have to prove beyond a reasonable doubt
16  before you could be convicted of this offense and those
17  things are, number one, that you acted under color of
18  law; two, that you deprived a person whose initials are
19  E.M., who is a person in the United States, of a right
20  protected or secured by the Constitution or laws of the
21  United States, here the right to due process of law
22  which includes the right to be free from the use of
23  excessive force amounting to punishment by a sheriff's
24  deputy; three, that you acted willfully; and four, that
25  the offense resulted in bodily injury to the victim or

involved the use of a dangerous weapon.  Do you understand what the Government would have to prove?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Turn next, please, to the Affidavit of Understanding of Maximum Penalty and Constitutional Rights.  This document tells you the penalty you face if convicted of this offense and goes on to describe for you the rights that you give up when you enter a guilty plea.  Let's talk first about the penalty.

When convicted of this offense you face a term of imprisonment of not more than ten years, a fine of not more than $250,000, a term of supervised release of not more than three years, and there is also a special assessment of $100 which is mandatory.  Do you understand the penalty that you face?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  That penalty contains a term of supervised release which means, if you are incarcerated on this offense, when you are released your release will be supervised by a probation officer to whom you will have to report on a regular basis.  There will be conditions placed on that release, things that you must do and things that you cannot do.  I tell you this because it's important that you abide by the terms of your supervised release because, if you don't, you can

1   be brought back to court, your release could be revoked
2   and, if that happens, you would -- the possibility
3   exists that you would end up serving more than the
4   maximum penalty for this offense.  Do you understand
5   that?
6       THE DEFENDANT:  Yes, Your Honor.
7       THE COURT:  I want to let you know that you have
8   the right to go to trial in this matter.  Are you
9   appointed, Mr. Gautier, or retained?
10      MR. GAUTHIER:  I'm appointed, Your Honor.
11      THE COURT:  Mr. Gautier is here with you now and,
12  if you wanted to go to trial, he would represent you
13  during trial.  We'd select a jury of 12 people to hear
14  your case, and all 12 of those jurors would have to
15  agree that the Government had proven its case beyond a
16  reasonable doubt before you could be convicted of any
17  offense.  But when you plead guilty you give up the
18  right to trial, to be represented during that trial, to
19  that 12 person jury and that unanimous verdict.  Do you
20  understand that?
21      THE DEFENDANT:  Yes, Your Honor.
22      THE COURT:  If you went to trial, you'd have the
23  right to see the witnesses called against you and ask
24  them questions; but when you plead guilty you give up
25  that right as well.  Do you understand that?

1    THE DEFENDANT:  Yes, Your Honor.
2    THE COURT:  You have a privilege against
3    self-incrimination which means no one can force you to
4    testify against yourself, but when you plead guilty you
5    are testifying against yourself so you're giving up that
6    privilege.  Do you understand that?
7    THE DEFENDANT:  Yes, Your Honor.
8    THE COURT:  If you went to trial you'd have the
9    right to take the witness stand in your own defense.  No
10   one could make you do that, but you give up that right
11   as well when you plead guilty.  Do you understand that?
12   THE DEFENDANT:  Yes, Your Honor.
13   THE COURT:  After this guilty plea a probation
14   officer is going to do an investigation into your
15   background and the particular circumstances of this
16   offense.  Once that investigation is complete, the facts
17   learned in the investigation will be applied to the
18   sentencing guidelines.  When that happens it will yield
19   a range of sentence that Congress says is appropriate
20   for you under these circumstances.  I must consider that
21   range, but if I think it's inappropriate I can give you
22   something less or something more as long as I stay
23   within the bounds of the law and have a good reason for
24   not accepting the guideline range.  Do you understand
25   that?

1      THE DEFENDANT:  Yes, Your Honor.
2      THE COURT:  If you were unhappy with that sentence,
3   you would have the right to appeal the sentence but you
4   wouldn't be allowed to withdraw your guilty plea.  Do
5   you understand that?
6      THE DEFENDANT:  Yes, Your Honor.
7      THE COURT:  Let's turn to the Plea Agreement.  The
8   Plea Agreement outlines in detail and in writing the
9   obligations that you have to the Government because of
10  this plea and the obligations the Government has to you
11  because of this plea.  Is there anything about those
12  obligations you don't understand or have any questions
13  about?
14     THE DEFENDANT:  No, Your Honor.  I understand it.
15     THE COURT:  Has anyone promised you anything that's
16  not contained in the Plea Agreement?
17     THE DEFENDANT:  No, Your Honor.
18     THE COURT:  Anyone force, threaten or coerce you to
19  enter into this agreement?
20     THE DEFENDANT:  No, Your Honor.
21     THE COURT:  If you went to trial and you were
22  convicted, you'd have the right to appeal the verdict of
23  guilt; but when you plead guilty you're admitting your
24  guilt so you give up your right to appeal the verdict of
25  guilt.  Do you understand that?

1      THE DEFENDANT:  Yes, Your Honor.
2      THE COURT:  You have the right to be represented at
3   all times by counsel of your choice or court-appointed
4   counsel if you cannot afford your own.  As I said
5   before, Mr. Gautier is here with you now.  If you went
6   to trial, he'd represent you during trial.  And if you
7   decided to appeal, someone would represent you on
8   appeal.  But when you plead guilty you give up your
9   right to trial and to appeal the verdict of guilt so you
10  also give up your right to be represented during those
11  proceedings.  Do you understand that?
12     THE DEFENDANT:  Yes, Your Honor.
13     THE COURT:  Let's turn to the Factual Stipulation.
14  I'm not going to read this word for word, but I am going
15  to go over what you -- what I think are the more
16  important points.  And this document is what I'm told
17  you and the Government agree happened in this case that
18  would justify me in accepting your guilty plea.  It
19  tells me that while you were under color of law and
20  aided and abetted by others you willfully deprived
21  someone whose initials are E.M., who was a pretrial
22  detainee, of his federally protected right not to be
23  deprived of liberty without due process of law in
24  violation of federal law.
25     It tells me that you were employed by Iberia Parish

|   |   |
|---|---|
| 1 | Sheriff's Office and you served as assistant warden from |
| 2 | 2010 to 2013.  It goes on to tell me that on September |
| 3 | 21st of 2011 that inmate assaulted an officer at the |
| 4 | Iberville Parish Jail -- |
| 5 |     MR. GAUTHIER:  It would be Iberia, Judge. |
| 6 |     THE COURT:  I'm sorry? |
| 7 |     MR. GAUTHIER:  You said Iberville.  It's Iberia. |
| 8 |     THE COURT:  Thank you for correcting me.  You and |
| 9 | other supervisors then retaliated against E.M. by taking |
| 10 | him to the chapel where there were no cameras and |
| 11 | assaulted him while he was handcuffed and compliant. |
| 12 | And it goes on to tell me that you also watched as an |
| 13 | Iberia Parish Sheriff's Office supervisor placed a baton |
| 14 | between E.M.'s legs and in a sharp motion raised the |
| 15 | baton to strike E.M.'s testicles lifting E.M. off the |
| 16 | floor.  While he was on the floor writhing in pain, that |
| 17 | same officer struck E.M. multiple times with the baton. |
| 18 | You and others then struck E.M. in the face.  You and |
| 19 | others used this unlawful unjustified force on E.M. to |
| 20 | punish him for his prior assault on an officer.  At no |
| 21 | time did you intervene to prevent any aspect of the |
| 22 | officers' assault on E.M. in the chapel despite having |
| 23 | the opportunity to do so and knowing you had a duty to |
| 24 | do so. |
| 25 |     Is that what happened? |

1   THE DEFENDANT:  Yes, Your Honor.
2   THE COURT:  Are you satisfied with the
3   representation that Mr. Gautier has provided to you?
4   THE DEFENDANT:  Yes, Your Honor, I am.
5   THE COURT:  And I just want to make sure.  He has
6   expressed some concern about the rapidity with which
7   your plea came about after his appointment.  Do you have
8   any discomfort about that or anything you want to share
9   with me about that?
10  THE DEFENDANT:  No, Your Honor, I do not.
11  THE COURT:  To the charge of deprivation of rights
12  under color of law, how do you plead?
13  THE DEFENDANT:  I plead guilty, Your Honor.
14  THE COURT:  Thank you.  I'll accept the guilty plea
15  and will set sentencing for May 24th, 2016, at
16  11:15 a.m., and that will be in Lafayette.  Does
17  Mr. Hayes have a bond?
18  MR. VAN HOOK:  No, Your Honor.  The Government's
19  not moving for pretrial detention or for bond.  We just
20  ask that he not possess a firearm.
21  THE COURT:  Do you understand that, Mr. Hayes?
22  THE DEFENDANT:  Yes, Your Honor.
23  THE COURT:  That would be a totally separate crime
24  at this point.
25  THE DEFENDANT:  Yes.

1       THE COURT:  Okay.  Then we're adjourned.
2       MR. GAUTHIER:  Well, Judge, I should have discussed
3   it with the Government ahead of time.  There are a
4   couple things.  His employment is in Cameron Parish on
5   the beach.  However, he does go offshore, which may be
6   in -- outside the territorial waters, for his job on
7   offshore platforms.  Is there any problem with that at
8   all from the Government's perspective?
9       MR. VAN HOOK:  No, Your Honor.  We move for no
10  conditions other than the one that I've mentioned.
11      MR. GAUTHIER:  Here's another issue we do want to
12  bring to the Government's attention and to the Court.
13  Mr. Hayes is scheduled to get married.  He's planning
14  on --
15      THE COURT:  I'm going to stop you right there,
16  Mr. Gautier, because I need to take a recess.
17      MR. GAUTHIER:  No problem.
18              (Recess is taken.)
19      THE COURT:  Okay.
20      MR. GAUTHIER:  I'm sorry.  We're bringing to the
21  Government's attention, the Court's attention that
22  Mr. Hayes plans on being married.  He also plans on
23  going on a cruise.  The cruise leaves Galveston and goes
24  to various -- Cozumel and other places which are
25  actually outside of the United States.  I've discussed

```
 1    the matter with the Government.  They have no objection.
 2    They're not requesting any restrictions be placed on his
 3    travel.  He leaves Galveston.  He will be with his wife.
 4    He comes back into Galveston.
 5            THE COURT:  When is the wedding?
 6            THE DEFENDANT:  The wedding, Your Honor, is going
 7    to be March 12th.  And the cruise just is going to be
 8    April 3rd, a little bit after the wedding.
 9            THE COURT:  Okay.  If the Government doesn't have a
10    problem, I don't have one.
11            MR. VAN HOOK:  No, Your Honor.  He said he'll come
12    back.
13            THE COURT:  He'd better.
14            MR. GAUTHIER:  He did make that declaration, Judge.
15    He said he would come back.
16            MR. VAN HOOK:  We'll find him if he doesn't.
17            THE COURT:  I'm sure you will.
18            MR. GAUTHIER:  Thank you.
19            THE COURT:  All right.  Thank you.  We're
20    adjourned.
21                   (Proceedings adjourned.)
22
23
24                      * * * * * *
25
```

**CERTIFICATE**

I hereby certify this 2nd day of March, 2016, that the foregoing is, to the best of my ability and understanding, a true and correct transcript of the proceedings in the above-entitled matter.

S/Deidre D. Juranka, RPR
Official Court Reporter

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**